**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4222

BARRY EARL WILLIAMS,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-7523

BARRY EARL WILLIAMS,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Robert G. Doumar, Senior District Judge.
(CR-95-101)

Submitted: November 26, 1996

Decided: January 27, 1997

Before MURNAGHAN, ERVIN, and WILLIAMS, Circuit Judges.

_____

No. 96-4222 affirmed and No. 96-7523 vacated and remanded by
unpublished per curiam opinion.

_____

**COUNSEL**

Calvin R. Depew, Jr., RABINOWITZ, RAFAL, SWARTZ, TALIAFERRO & GILBERT, P.C., Norfolk, Virginia, for Appellant; Barry Earl Williams, Appellant Pro Se. Helen F. Fahey, United States Attorney, Janet S. Reincke, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

These are consolidated appeals of a conviction and sentence and of the denial of a motion for a new trial. In No. 96-4222, Barry Williams appeals his conviction and sentence of ninety-six months incarceration for illegally possessing a firearm as a convicted felon.[1] Williams claims the police illegally searched his car after they arrested him, and that the evidence was insufficient for the jury to return a guilty verdict. While this appeal was pending before this court, Williams moved for a new trial pursuant to Fed. R. Crim. P. 33. The district court denied the motion, finding it lacked subject matter jurisdiction due to the pending appeal. We now consolidate these appeals and affirm Williams's conviction and sentence, but vacate the district court's order denying Williams's new trial motion and remand for consideration of that motion.

Williams, who was acquitted of armed bank robbery and using a firearm in the commission of a crime of violence, maintains that the district court erred in denying his motion to suppress a .45 caliber long-barrel pistol found during an inventory search of the vehicle Williams was driving when he was arrested by off-duty police offi-

_____

[1] 18 U.S.C. § 922(g) (1994).

2

cers. The officers, working as security personnel in the apartment complex Williams was visiting, arrested Williams for a federal parole violation and impounded the vehicle.

Inventory searches are reasonable under the Fourth Amendment when they serve to protect the owners of impounded property from theft of items contained within the property. Valid inventory searches also protect the impounding authority from dangerous items and from false claims for loss.[2] While admitting the validity of inventory searches, Williams complains that this inventory search was a guise to justify an investigatory search. We disagree. The record is devoid of any evidence that the officers used the inventory search for more than the purposes of accountability and safekeeping. Moreover, the district court found that the apartment complex that employed the off-duty officers as security personnel had a policy of towing the cars of persons arrested at the complex. Further, the court found that it was police policy to inventory all cars that were towed. While neither of these policies was written, the district court's finding that the officers followed accepted policies regarding impounding and inventorying the vehicle fully satisfies the requirements of the Fourth Amendment.[3] The record supports the district court's finding in this regard; thus, we will not disturb that finding on appeal.

Next, Williams asserts that the evidence was insufficient to establish that he knowingly possessed the pistol which was found in the trunk of the vehicle. The issue is not whether we are convinced by the evidence on the record, but whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[4] There was ample evidence, albeit primarily circumstantial, allowing for a reasonable inference by the jury that Williams knew

---

[2] **See South Dakota v. Opperman**, 428 U.S. 364, 374-76 (1976).

[3] **See Colorado v. Bertine**, 479 U.S. 367, 376 (1987) (concluding that "reasonable police regulations relating to inventory procedures administered in good faith satisfy the Fourth Amendment, even though courts might as a matter of hindsight be able to devise equally reasonable rules requiring a different procedure").

[4] **See Glasser v. United States**, 315 U.S. 60, 80 (1942).

3

that the firearm was in the trunk, and circumstantial evidence is sufficient to establish possession.**5**

While his direct appeal (No. 96-4222) was pending, Williams moved the district court for a new trial under FED. R. CRIM. P. 33 on the ground of newly discovered evidence. The district court denied that motion on the basis that the court lacked jurisdiction to entertain the motion due to the pending appeal on the merits. **6** In No. 96-7523, Williams appeals the denial of his Rule 33 motion. The district court erred in denying the motion for lack of jurisdiction. Although Williams's direct appeal was pending in this court, the district court had jurisdiction to entertain the motion and either deny the motion on the merits or certify to this court its intention to grant the motion.**7** Accordingly, we vacate the order denying the Rule 33 motion and remand for consideration of the motion as one now before the district court with no appeal pending. In doing so, we of course express no opinion on the merits of the motion. Additionally, we deny Williams's motion to place his direct appeal (No. 96-4222) in abeyance and affirm his conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 96-4222 - <u>AFFIRMED</u>

No. 96-7523 - <u>VACATED AND REMANDED</u>

_____

**5** <u>**See United States v. Laughman**</u> , 618 F.2d 1067, 1077 (4th Cir.) (possession may be proved by circumstantial as well as direct evidence), <u>cert. denied</u>, 447 U.S. 925 (1980).

**6** <u>**United States v. Williams**</u>, No. CR-95-101 (E.D. Va. Sept. 9, 1996).

**7** <u>**See United States v. Cronic**</u>, 466 U.S. 648, 667 n.42 (1984); Fed. R. Crim. P. 33 (motion for new trial based on ground of newly discovered evidence may be made only before or within two years after final judgment, but if appeal is pending the court may grant the motion only on remand of the case).

4